## Joseph Morse, Appellee, v. W. M. Peterson, Appellant.

## Gen. No. 23,125.

1. FALSE IMPRISONMENT, § 37*—*when verdict not excessive.* A verdict of $400 for false arrest and imprisonment is not excessive where it appears that plaintiff, while in humble circumstances and somewhat shiftless, was not a criminal and that he was rather roughly awakened at night by defendant, the chief of police of a village, and was forcibly and against his will and over his protest marched through the village streets and locked in a cell in the village police station, without any complaint or warrant against him.

2. DAMAGES, § 17*—*liability of defendant as affected by poverty of plaintiff.* In an action to recover for false arrest and imprisonment, the liability of the defendant cannot be measured by the poverty of the plaintiff.

Appeal from the Circuit Court of Cook county; the Hon. DAVID F. MATCHETT, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed December 3, 1917.

FREDERICK DICKINSON, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an undefended appeal, yet we see no escape from affirming the judgment of the trial court.

The action is trespass for false arrest and imprisonment. By the verdict of the jury the damages were assessed at $500 and on a remittitur of $100 made by plaintiff a judgment was entered for $400.

The only question argued is that the damages are excessive for the wrong committed.

Personal liberty is the most precious right of free men. In this case that right of a humble and maybe not very thrifty citizen, the plaintiff, was grossly

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

invaded. He was arrested, maltreated and incarcerated in a police station cell without either complaint or warrant, contrary to law. He was taken from a place in which he indisputably had a right to be. He was innocent of any crime known to the law.

Defendant was chief of police of the police force, consisting of six men, himself included, of the Village of Winnetka in Cook county, where the unlawful acts complained of were committed. Defendant knew the plaintiff, who had resided within the limits of the Village of Winnetka for 32 years, and knew that he was not a criminal, but a somewhat shiftless and harmless person; yet at night he rather roughly aroused plaintiff from his slumbers and forcibly and against his will and in the teeth of his protest marched him through the village streets and locked him up in a cell of the village police station. For these inexcusable, unlawful acts defendant stands condemned to pay the plaintiff $400.

From the evidence we think there are circumstances of aggravation which call not only for compensatory but vindictive damages. As an officer of the law the defendant must be presumed to know that his conduct was not only unwarranted but illegal. His financial responsibility for such an illegal act cannot be measured by the poverty of the individual whose rights were assailed and whose liberty was interfered with. All persons are equal before the law. For such a flagrant violation of the law and the rights of plaintiff the award of damages cannot be regarded as excessive.

The judgment of the Circuit Court is affirmed.

*Affirmed.*